**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Ellen M. Gorton,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Debt Equities, LLC,<br>Thomas LaBeaux, and<br>Paul Skillings,<br><br>　　　　Defendants. | Court file no. _____<br>(___/___)<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

**Jurisdiction**

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 1 U.S.C. § 1962k(d), and under 28 U.S.C. § 1367 for pendent state claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("**FDCPA**"), and Defendants' other unlawful actions in the course of attempting to collect a debt from Plaintiff, including malicious prosecution, the unlicensed practice of law, wrongful garnishment, and conversion.

3. Venue is appropriate because the relevant acts and transactions occurred within Minnesota, because Plaintiff resides within the state, and because Defendants are situated within and transact business within the state.

**Parties**

4. Plaintiff Ellen M. Gorton is a natural person residing in Bloomington, MN, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Debt Equities, LLC, is a Minnesota limited-liability company with its registered office at 640 Mendelssohn Avenue North, Golden Valley, MN, 55427, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Thomas LaBeaux is a natural person, a member or employee of Debt Equities, LLC, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Paul Skillings is a natural person, a member or employee of Debt Equities, LLC, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

*Background*

8. Plaintiff incurred a financial obligation primarily for personal, family, or household purposes that was a "debt" as defined by 15 U.S.C. § 1692a(5). Specifically, Defendants alleged Plaintiff owed approximately $1,429.80 on a Goodyear account ("**the debt**") for the purchase of personal car tires.

9. Debt Equities purchased the debt in January 2007.

*Conciliation Court and Default*

10. Defendants sued Plaintiff in Hennepin County Conciliation Court in March 2007.

11. Defendants identified Plaintiff's address incorrectly on the Conciliation Court Summons and Complaint.

12. The Conciliation Court Summons and Complaint was sent to the wrong address, and Plaintiff was therefore never served with the lawsuit.

13. Because she was never served with process, Plaintiff did not respond to the Conciliation Court Summons and Complaint.

14. Defendants obtained a default judgment against Plaintiff in June 2007.

*Unauthorized Practice of Law*

15. The Garnishment Exemption Notice and Notice of Intent to Garnish Earnings Within (10) Days, attached as **Exhibit A**, was signed by Skillings.

16. The Garnishment Summons and Garnishment Earnings Disclosure that Defendants served on Bloomington Marathon, Plaintiff's employer, was signed by Skillings, who signed as "Director of Legal Operations."

17. Exhibit A falsely and deceptively suggests that Skillings is an attorney licensed to practice law in Minnesota.

18. Prior to April 2008, Skillings or Thomas LaBeaux made all appearances and signed all legal documents on behalf of Debt Equities, LLC.

19. Skillings is not an attorney licensed to practice law in Minnesota.

20. Thomas LaBeaux is not an attorney licensed to practice law in Minnesota.

21. No attorney licensed to practice law in Minnesota appeared on behalf of Debt Equities, LLC, in Hennepin County District Court until April 2008.

22. By signing legal documents and appearing on behalf of Debt Equities, LLC, Skillings and LaBeaux engaged in the unauthorized practice of law under Minn. Stat. § 481.02. *World Championship Fighting, Inc., v. Janos*, 609 N.W.2d 263 (Minn. Ct. App. 2000).

*Notice of the Lawsuit*

23. The first notice Plaintiff had of the lawsuit was at the beginning of August 2007, when Exhibit A was delivered to Plaintiff's mail box by mistake.

24. Plaintiff filled out the Exemption Claim Notice, attached as **Exhibit B**, and immediately and mailed it back to Defendants on August 2, 2007.

25. Below her signature on the Exemption Claim Notice, Plaintiff included her correct address.

26. On the date Defendants received Plaintiff's Exemption Claim Notice, they also received notice of her correct address.

27. Defendants were on notice thereafter that Plaintiff had not been served with or received previous documents, including the Conciliation Court Summons and Complaint, as of the first week in August 2007.

28. On August 2, 2007, Defendants filed a request for disclosure with Hennepin County District Court, and that court issued the requested order for disclosure on August 22, 2007.

29. Plaintiff was never served with the order for disclosure.

30. On October 23, 2007, Hennepin County District Court issued an order to show cause directing Plaintiff to appear on December 4, 2007, to explain why she did not respond to the order for disclosure.

31. Plaintiff was never served with the order for disclosure.

32. In her affidavit of service, attached as **Exhibit C**, Gina LaBeaux initially swore she served Plaintiff personally at apartment 230.

33. In a later affidavit, attached as **Exhibit D**, Gina LaBeax swore she went with Thomas LaBeaux to serve Plaintiff on November 14, 2007, but could not because the resident of apartment 230 told her Plaintiff did not live there.

34. Based on Exhibit D, Defendants were on notice as of November 14, 2007, that Plaintiff had not been served or received previous documents.

35. Because she never received notice of the hearing, Plaintiff did not appear on December 4, 2007, and the Hennepin County District Court issued a bench warrant for her arrest on December 28, 2007.

*Plaintiff's Arrest*

36. Plaintiff left a message for Thomas LaBeaux on January 21, 2008, the day she was arrested, at approximately 10:25 a.m.

37. Thomas LaBeaux called her back soon afterward.

38. In response to Plaintiff's question, Thomas LaBeaux informed her that the debt was related to a Goodyear card.

39. Thomas LaBeaux told Plaintiff that she had a debt and did not pay it, and that was why there was a warrant out for her arrest.

40. Thomas LaBeax said that Plaintiff and her employer "are f*** idiots because she didn't take care of her stuff and her boss did not know how to fill out simple paperwork."

41. Thomas LaBeax also said he knew Plaintiff was at work, and that he would "have the sheriff come out and handcuff her and throw her in jail."

42. Fifteen minutes later, the police came to Plaintiff's work and arrested her.

43. The arrival of the police was the first notice to Plaintiff of the order for disclosure or the order to show cause.

44. The police let Plaintiff borrow bail money from her employer before taking her to the Bloomington jail for booking.

45. Plaintiff spent approximately two hours in police custody.

46. Plaintiff was forced to post as bail the amount of the debt, $1,445.37.

47. Defendants later collected Plaintiff's bail money from Hennepin County District Court as payment of the earlier fraudulently-obtained judgment.

*Case vacated and dismissed*

48. Later, Plaintiff brought a motion to vacate the default judgment, dismiss the lawsuit, and return the money paid as bail.

49. Hennepin County District Court Judge Denise D. Reilly granted Plaintiff's motion on May 14, 2008, and completed vacated the judgment and all subsequent actions, finding that "the judgment . . . is void as a matter of law . . . ."

50. Judge Reilly's order and memorandum are attached as **Exhibit E**.

## Summary

51. In an effort to collect this debt, Defendants' conduct constitutes a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(1), 1692d(2), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, 1692f(1), 1692f(5), and 1692f(6), among others.

52. Under Minnesota law, Defendants' conduct described above also constitutes wrongful garnishment, a violation of Minn. Stat. Ch. 571, the unauthorized practice of law, malicious prosecution, and conversion.

53. Plaintiff has suffered actual damages as a result of Defendants' illegal collection methods described above in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, nausea, loss of sleep, headaches, and crying, amongst other negative emotions; suffering caused in whole by Defendants' unwarranted and abusive invasion of her privacy, her groundless arrest, and other conduct in violation of Minnesota law.

## Trial By Jury

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et seq.

55. Plaintiff incorporates by reference all prior paragraphs as though fully stated herein.

56. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et seq*.

57. As a result of each and every Defendant's intentional and/or negligent violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## Count 2:
## Wrongful Garnishment
## Minn. Stat. Ch. 571

58. Plaintiff incorporates by reference all prior paragraphs as though fully stated herein.

59. The foregoing acts and omissions of each and every Defendant constitute a violation of Chapter 571 of the Minnesota Statutes.

60. As a result of each and every violation of Chapter 571 of the Minnesota Statutes, Plaintiff is entitled to damages in the amount of $100, actual damages, and reasonable attorney's fees and costs as authorized by Minn. Stat. § 571.90.

## Count 3:
## Unauthorized Practice of Law
## Minn. Stat. § 481.02

61. Plaintiff incorporates by reference all prior paragraphs as though fully stated herein.

62. The foregoing acts and omissions of Skillings and Thomas LaBeaux constitute the unauthorized practice of law in Minnesota in violation of Minn. Stat. § 481.02.

63. As a result of the violations of Minn. Stat. § 481.02, Plaintiff is entitled to:

   a. Declaratory relief pursuant to Minn. Stat. §§ 481.02, subd. 8, and 8.31, subds. 3 and 3a;

   b. Injunctive relief pursuant to Minn. Stat. §§ 481.02, subd. 8, and 8.31, subds. 3 and 3a; and

   c. Reasonable attorney fees and costs, including costs of investigation, pursuant to Minn. Stat. §§ 481.02, subd. 8, and 8.31, subds. 3 and 3a.

## Count 4:
## Malicious Prosecution

64. Plaintiff incorporates by reference all prior paragraphs as though fully stated herein.

65. Defendants maintained an unjustifiable and unreasonable civil action against Plaintiff.

66. The lawsuit brought by Defendants was without probable cause or evidence sufficient to support Defendants' claims and allegations, and Defendants had no reasonable grounds on which to base a belief that Debt Equities would prevail on the merits.

67. The lawsuit against Plaintiff was instituted and prosecuted with malicious intent and with an ulterior purpose.

68. The lawsuit against Plaintiff was ultimately terminated in her favor.

69. Plaintiff is entitled to actual and compensatory damages from Defendants for their willful initiation and continuation of a wrongful civil action against Plaintiff that inflicted anxiety, fear, and other emotional distress on Plaintiff.

## Count 5:
## Conversion

70. Plaintiff incorporates by reference all prior paragraphs as though fully stated herein.

71. Defendants interfered with Plaintiff's right of possession of her personal property, namely by wrongfully seizing funds paid as bail following Plaintiff's arrest.

72. Defendants intended to interfere with Plaintiff's right of possession of her personal property.

73. Defendants deprived Plaintiff of her right of possession of her personal property.

74. The foregoing acts and omissions of each and every Defendant constitute a malicious, willful, or reckless disregard for Plaintiff's property interest.

75. As a result, Plaintiff is entitled to actual, compensatory, and punitive damages.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each and every Defendant for:

(a) statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

(d) statutory damages of $100 pursuant to Minn. Stat. § 571.90;

(e) actual damages pursuant to Minn. Stat. § 571.90;

(f) costs of litigation and reasonable attorney fees pursuant to Minn. Stat. § 571.90;

(g) a declaration that Defendants' actions constituted the unauthorized practice of law in violation of Minn. Stat. § 481.02;

(h) an injunction preventing Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

(i) reasonable attorney fees and costs, including costs of investigation, pursuant to Minn. Stat. §§ 481.02, subd. 8, and 8.31, subds. 3 and 3a

(j) actual and compensatory damages for malicious prosecution and conversion; and

(k) such other and further relief as the Court determines just and proper.

[signatures follow]

                                            **Barry & Slade, LLC**

Date: *7.31.2008*                     *s/Peter F. Barry*
                                            Peter F. Barry (#0266577)
                                            2021 East Hennepin Avenue, Suite 195
                                            Minneapolis, MN 55413

                                            phone • 612.379.8800
                                            fax • 612.379.8810
                                            email • pbarry@lawpoint.com


                                            **Samuel J. Glover & Associates, LLC**

Date: *7.31.2008*                     *s/Samuel J. Glover*
                                            Samuel J. Glover (#327852)
                                            2021 East Hennepin Avenue, Suite 195
                                            Minneapolis, MN 55413

                                            phone • 612.424.3770
                                            fax • 612.605.1947
                                            email • sam@sjglover.com

                                            *Attorneys for Plaintiffs*

## Verification

**Ellen M. Gorton,** being duly sworn on oath, deposes and says that she is the Plaintiff in this action; that she makes this verification on her own behalf, being duly authorized to do so; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true; that the grounds for her knowledge and belief are information derived from her books and records, or written instruments in her possession.

*Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on: 7.31.2008          s/Ellen M. Gorton
                                Ellen Gorton